IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE RAMON REYES FUNEZ,                                                    PETITIONER
A# 221-490-276

V.                                                          CIVIL NO. 5:26-cv-481-DCB-BWR

WARDEN, Adams County Correctional Center                          RESPONDENT

<u>ORDER</u>

BEFORE THE COURT is pro se Petitioner Jose Ramon Reyes Funez's combined Motion for a Stay Removal and for a Temporary Restraining Order [3]. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner is an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention. On June 3, 2026, the Court entered an Order [2] requiring Petitioner to submit a sworn petition on habeas corpus forms. On June 18, Petitioner submitted a combined Motion [3] for an Extension of Time, for a Stay of Removal, and for a Temporary Restraining Order. Petitioner sought additional time to comply and expressed fear that he would be removed before he is able to comply with the Court's Order and before meaningful review of the appeal in his separate immigration case. Mot. [3] at 2. Petitioner further sought a stay of removal and a temporary restraining order to prevent his removal while this habeas petition is pending. *Id*. at 3.

On July 20, Petitioner complied with the Court's Order [2] and filed his sworn Petition [5] on habeas corpus forms along with a Memorandum in Support [6]. The Magistrate Judge then granted Petitioner's request for an extension of time and found his sworn Petition [5] to be timely

compliance with the Court's prior Order [2].  *See* Order [7] filed July 28, 2026.  Additionally, the Magistrate Judge directed the Respondent to respond to Petitioner's sworn Petition.  *Id.*

Because Petitioner seeks relief that if granted would exceed the 14-day limit of a temporary restraining order, his Motion is in effect a request for a preliminary injunction.  *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004).  To be entitled to a preliminary injunction, Petitioner must show:  (1) a substantial likelihood of success on the merits;  (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest.  *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–19 n.15 (5th Cir. 2001).  "Notwithstanding . . . section 2241 . . . or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with [8 U.S.C. § 1252] shall be the sole and exclusive means for judicial review of an order of removal," except for expedited orders of removals entered under 8 U.S.C. § 1225(b)(1), 8 U.S.C. § 1252(a)(5),(e).  With this exception, district courts are therefore "divested . . . of jurisdiction over § 2241 petitions attacking removal orders."  *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735–36 (5th Cir. 2005); *see also Fabuluje v. Immigr. & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)).  A motion for a stay of removal is a challenge to a removal order.  *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Petitioner seeks a stay of removal.  This Court is without jurisdiction to entertain a challenge to Petitioner's removal or to grant a stay of removal.  *Id.*; *Zamarripa-Torres v. Bureau of Immigr. & Customs Enf't.*, 347 F. App'x 47, 48 (5th Cir. 2009) (A petitioner's "sole means of

2

obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals").  Petitioner, therefore, fails to show a substantial likelihood of success on the merits.

Having failed to establish a substantial likelihood of success on the merits, Petitioner is not entitled to preliminary injunctive relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pro se Petitioner Jose Ramon Reyes Funez's combined Motion to Stay Removal and for a Temporary Restraining Order [3] filed June 18, 2026, is DENIED.

**SO ORDERED AND ADJUDGED**, this the 29 day of July, 2026.

/s/ David C. Bramlette_____
UNITED STATES DISTRICT JUDGE

3